# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 11-2170 |
| ROBERT C. TANNER, WARDEN | SECTION "N" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, including petitioner's habeas application (Fed. rec. doc. 3) and the State's response (Fed. rec. doc. 20), the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

I. **PROCEDURAL HISTORY**[1]

Petitioner, Andrew David Wetzel, a state prisoner presently incarcerated in Rayburn Correctional Center in Angie, Louisiana, was charged via bill of information, with simple arson. (St. rec., vol. 1, pp. 581-582). On September 16, 2010, following trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Wetzel was found guilty as charged. (St. rec., vol. 2, p. 699). Thereafter, Wetzel was adjudicated a fourth-felony offender and sentenced to 35 years imprisonment without benefit of probation or suspension of sentence. (St. rec., vol. 1, pp. 722-723).

Thereafter, Wetzel's procedural history becomes murky. Wetzel filed numerous writ applications with the Louisiana First Circuit Court of Appeals, so numerous it is impossible to maneuver through the tangle created thereby.[2] Wetzel then filed a writ application with the Louisiana Supreme Court, along with numerous supplements to his writ application.[3] On

---

[1]Much of the procedural history was ascertained via the court's review of the state record. Petitioner has filed a motion for discovery (Fed. rec. doc. 23), pursuant to which he seeks a copy of said record. For the following reasons, petitioner's motion is **HEREBY DENIED**. First, petitioner was a participant in his state court proceedings and, as such, the records documenting those proceedings are not unknown to him. Second, Wetzel has failed to set forth a particularized need for his state court record. It is well-established that a habeas petitioner is not entitled to records free of charge for the purpose of conducting a "fishing expedition", hoping to uncover evidence to support his application for habeas relief. *See generally Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982).

[2]As shown *infra*, Wetzel will not be prejudiced, for purposes of seeking federal habeas corpus relief, due to the maze created by his numerous filings.

[3]Copies of Wetzel's writ application and supplements are contained in the St. rec., vol. 4.

August 19, 2011, the Louisiana Supreme Court denied Wetzel's relief. *State ex rel. Wetzel v. State*, 67 So.3d 1250 (La. 2011).[4]

On August 25, 2011, Wetzel filed the instant habeas petition (Fed. rec. doc. 3), arguing that the trial court erred in denying his motion to suppress because: a) the police beat him to get a confession; b) the police failed to advise him of his *Miranda* rights before taking his confession; c) he did not understand his *Miranda* rights; and, d) his confession was not given freely and voluntarily. Wetzel also argues that the trial judge erred in failing to recuse himself because he was biased and he failed to follow the law.[5] In its response (Fed. rec. doc. 20., p. 2), the State provides that the instant action is timely and this court's review has uncovered no evidence contradicting the State's representation in this regard. The State, in its response (Fed. rec. doc. 20, p. 3), also contends that Wetzel has exhausted his state court remedies.

In *Baldwin v. Reese*, 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-1351, 158 L.Ed.2d 64 (2004), the Supreme Court declared that for a petitioner to exhaust his state court remedies, he must properly present his federal habeas claims to each reviewing state court. While a

---

[4]In its opinion, the Louisiana Supreme Court makes no reference to an appellate court opinion, but rather, merely references the district court proceeding.

[5]Wetzel has filed with this court a motion to appoint counsel (rec. doc. 25) in connection with his two habeas claims. However, there is no constitutional right to counsel in a habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Further, as reflected *infra*, Wetzel's claims do not present any complex legal issues which warrant the appointment of counsel under 18 U.S.C. § 3006(A)(a)(2)(B). According, Wetzel's motion to appoint counsel (rec. doc. 25) is **HEREBY DENIED**.

review of Wetzel's writ application and numerous supplements reflect that he did raise the instant claims to the Louisiana Supreme Court, it is unclear whether Wetzel raised his claims before the Louisiana First Circuit Court of Appeal. Nevertheless, this court will address the merits of Wetzel's claims.[6] Under the provisions of 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[7]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

---

[6] Wetzel has filed with this court a motion to withdraw unexhausted claims (rec. doc. 22). Said motion is **HEREBY DENIED** as moot in light of this court's decision to address the merits of all of Wetzel's claims.

[7] Generally, at this point in a habeas corpus report and recommendation, the court reiterates the applicable facts as set forth in the state appellate court's direct appeal opinion. However, in this case, there is no such opinion and no corresponding recitation of the facts associated with Wetzel's trial. However, Wetzel raises no challenge to the trial proceedings. Instead, Wetzel challenges rulings ancillary thereto, specifically, the adverse rulings regarding his motion to suppress and motion to recuse. Accordingly, this court shall review the facts associated with these pre-trial rulings when it addresses the merits of Wetzel's claims.

4

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

**A. Motion to Suppress**

Wetzel argues that the trial court erred in denying his motion to suppress his confession. Wetzel contends that his confession was not voluntary and, as such, a violation

5

of the Fifth Amendment, because the police beat him in order to attain his confession and he was not advised of his *Miranda* rights and did not understand his rights.

In support of his argument, Wetzel presents several affidavits which were not presented at his motion to suppress hearing, along with a medical screening report and trial testimony, neither of which were submitted in support of his motion to suppress. *See* Fed. rec. 3, exhibits B-G and M-P.

In *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011), the Supreme Court held that habeas review **"is limited to the record that was before the state court that adjudicated the claim on the merits."** A petitioner cannot, on federal habeas review, present evidence which he did not present to the state court that ruled on the merits.

In the instant matter, the state district court denied Wetzel's claims, supporting his motion to suppress, on the merits. As such, the new evidence, set forth in exhibits B-G and M-P, cannot properly be considered by this court on habeas review.[8]

The only other evidence submitted by Wetzel in support of his claim that his confession was coerced and, therefore, should have been suppressed, are excerpts of the testimony from Detectives Chadwick (exhibits H, K, and L) and Morrel (exhibits I and J)

---

[8]In addition to the affidavits and medical record, delineated above, Wetzel filed a motion for leave of court to file more affidavits (Fed. rec. doc. 21) and a motion for discovery of more records to support his habeas application (Fed. rec. doc. 24). Based upon the Supreme Court's holding in *Cullen*, *supra*, pursuant to which Wetzel is prohibited from submitting new evidence in support of a habeas application, the motion for leave to file more affidavits (doc. 21) and the motion for discovery of records (doc. 24) are **HEREBY DENIED**.

provided at the motion to suppress hearing.[9]

Detective Chadwick testified that before he questioned Wetzel, he read Wetzel his *Miranda* rights and Wetzel signed a form acknowledging that he understood his rights. (St. rec., vol. 2, pp. 439-440). Thereafter, Wetzel provided an oral confession that was "recorded both with audio and video." (St. rec., vol. 2, p. 441). However, before taking Wetzel's statement, Detective Chadwick again *Mirandized* Wetzel and, on the recording, Detective Chadwick's voice is heard instructing Wetzel, once again, with respect to his rights. (St. rec., vol. 2, pp. 442-443).

In support of his claim that his confession should have been suppressed, Wetzel relies on Detective Chadwick's testimony regarding Wetzel's health issue. A review of the pertinent testimony reflects that while at the police station Wetzel complained "that he had taken several pills and that his heart was racing." (St. rec., vol. 2, p. 447). In response, emergency medical services (EMS) were called. Medical personnel examined Wetzel and determined he had "a normal heart rate." *Id*. However, despite this positive finding, EMS recommended that Wetzel be taken to the hospital. Wetzel ultimately was not transported to the hospital, though not as a result of any resistance on the part of police officials. Instead, it was because Wetzel refused to go to the hospital. (St. rec., vol. 2, p. 448).

With respect to Detective Morrel, Wetzel relies upon his testimony that he did not

---

[9]Wetzel did not testify at the suppression hearing.

read Wetzel his *Miranda* rights before interviewing him and taking his statement. (St. rec., vol. 2, p. 457). However, Morrel explained that he initially did not go through the standard *Miranda* instructions with Wetzel because Wetzel had already been through that with Detective Chadwick. *Id.* While Morrel was outside the room where Chadwick had interviewed Wetzel and taken an audio and video recorded statement from him, he was aware that Wetzel had already been *Mirandized* and he interviewed Wetzel on the same night that Chadwick took his statement. (St. rec., vol. 2, p. 458).

Based upon the above testimony offered to the trial court in Wetzel's motion to suppress hearing, it is clear that Wetzel failed to prove the claim that his statement to police was involuntary and, as such, that there was a violation of his Fifth Amendment right against self-incrimination.[10] Wetzel provided no proof to support his claims that he was beaten by police, that he was not provided his *Miranda* rights, that he did not understand his *Miranda* rights, and that his confession was not voluntary.

---

[10]Based upon the fact that a hearing was conducted in connection with Wetzel's motion to suppress, it is reasonable to conclude that Wetzel had an opportunity for full and fair litigation of his suppression claim. As such, in the context of an alleged Fourth Amendment violation, habeas review would be precluded. *See Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). However, the Supreme Court made clear in *Cardwell v. Taylor*, 461 U.S. 571, 572-573, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983) (*per curiam*), that *Stone* is not applicable in the context of a motion to suppress based upon a Fifth Amendment challenge to the voluntariness of a petitioner's statement. Where a Fifth Amendment violation is at issue, collateral review may be granted upon a showing that the petitioner's statement or confession was involuntary. *Id.*, 428 U.S. at 573, 103 S.Ct. at 2016. Such a showing has not been made in this case.

## B. Failure to Recuse

Wetzel argues that the district court erred in denying his motion to recuse the trial judge. Wetzel asserts that the court, in denying his motion, failed to follow the provisions of La.C.Cr.P. art. 671.[11] (Fed. rec., doc. 3, p. 12). For the following reasons, the court finds that Wetzel's argument is without merit for purposes of attaining federal habeas relief.

First, the court notes that Wetzel cites only state law in support of his argument. The requirements of state law are irrelevant in this federal proceeding. Even if state law had been violated, that fact alone would be of no moment here. Federal habeas corpus relief may be granted only to remedy violations of the federal Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac,* 456 U.S. 107,

---

[11] Article 671 provides, in pertinent part:

In a criminal case a judge of any court, trial or appellate, shall be recused when he:

(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;

(2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;

(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;

(4) Is a witness in the cause;

(5) Has performed a judicial act in the case in another court; or

(6) Would be unable, for any other reason, to conduct a fair and impartial trial.

119 (1983). A federal court simply does not have jurisdiction to determine petitioner's rights under "state recusal statutes or ethical canons as such." *Richardson v. Quarterman,* 537 F.3d 466, 474 (5th Cir.2008).

Second, Wetzel bears the burden of proving that the denial of his motion to recuse violated federal law. The record reflects that a hearing, in connection with Wetzel motion to recuse the trial judge, was held on December 2, 2009, before Twenty-Second Judicial District Court Judge August J. Hand. (St. rec., vol. 2, pp. 293-295). In support of his motion, Wetzel argued:

> The motion to recuse the judge is based on Article 671, being that the judge is [a] named defendant in the petition 1983 suit and the judge is also a defendant in the petition claimed to the judiciary commission, as well as, number three, the victim...Glen Cowart...is an attorney in Slidell who worked for the judge.

(St. rec., vol. 2, p. 299).

After ensuring that Wetzel had nothing other than the above statement in support of his motion, Judge Hand ruled: "You failed to carry the burden of proof that there is any prejudice by Judge Schwartz in these proceedings and I'm denying your motion for recusal." (St. rec., vol. 2, p. 300).

With regard to Wetzel's retaliatory proceedings, i.e., his 42 U.S.C. § 1983 lawsuit and "judiciary commission" petition, against Judge Schwartz given that Judge Schwartz's rulings were generally not favorable to Wetzel, the Supreme Court has provided that a judge's

adverse rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994) (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). Further, Wetzel's mere assertion that the victim use to work for Judge Schwartz is insufficient to support his burden of proving that federal law was violated by virtue of the denial of his motion to recuse. Wetzel provides no specifics regarding when this working relationship took place, the basis of the relationship, and if there had been any association between the two in the recent past. *See United States ex rel. Perry v. Cuyler*, 584 F.2d 644, 647 (3rd Cir. 1978), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1257, 59 L.Ed.2d 480 (1979) (fact that judge saw victim at work when victim testified in his court did not constitute basis for recusal); *Taylor v. Cain*, 2011 WL 3626413, *9 (E.D. La. July 27, 2011) (Knowles, MJ.), adopted, 2011 WL 3627021 (E.D. La. Aug. 17, 2011) (Africk, J.) (fact that judge had been victim's high school classmate and had witnessed altercation between petitioner and former counsel were insufficient to warrant judge's recusal). Accordingly;

## RECOMMENDATION

Based upon the above, it is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Andrew David Wetzel, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[12]

New Orleans, Louisiana, this __27th__ day of _____December_____, 2011.

                                        LOUIS MOORE, JR.
                                        United States Magistrate Judge

---

[12]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.